**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MOSHE TAL, BRICKTOWN 2000, INC., and TAL TECHNOLOGIES, INC., <br><br>　　　　Plaintiffs,<br><br>vs.<br><br>DAN RANDOLPH HOGAN, et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Case No. CIV-05-991-F<br>)<br>)<br>)<br>)<br>) |

## **O R D E R**

On August 26, 2005, certain defendants filed a Notice of Removal, removing the above-captioned matter to this court from the District Court of Oklahoma County, State of Oklahoma. All other defendants who had theretofore been served with process indicated their consent to removal by separate pleadings. The basis of removal was that this court has original jurisdiction of this action under 28 U.S.C. §1331 because plaintiffs' First Amended Petition raises serious questions regarding their rights under the United States Constitution. According to the Notice of Removal, Counts II, III and IV as alleged by plaintiffs require a determination as to whether plaintiffs' rights under the Fifth Amendment to the United States Constitution have been violated.

On September 6, 2005, plaintiff, Moshe Tal, filed a Motion to Remand (doc. no. 22). Mr. Tal, who signed the First Amended Petition *pro se,* states that the five counts

of the First Amended Petition rely exclusively on Oklahoma statutes and the Oklahoma Constitution.

Defendants, in their objections, assert that the First Amended Petition is filled with direct or implied violations of the United States Constitution. Defendants specifically point to paragraph 251 of the First Amended Petition which alleges that "The City's use of its municipalities [sic] general eminent domain power for the purpose of transferring it to Urban Renewal for 'economical [sic] development' purpose is not authorized by either the Oklahoma Statutes; the Oklahoma Constitution nor by the United States constitution." Defendants also point to paragraphs 262, 273, 289, 303, and 310, which incorporate the allegations of all paragraphs of the First Amended Petition, including paragraph 251.

Having carefully reviewed the First Amended Petition, it appears that, despite plaintiffs' allegations in paragraph 251, plaintiffs likely seek to rely only on state statutory and constitutional law in this action. However, due to the ambiguity of the allegations, the court concludes that plaintiffs should be permitted to file an amended complaint which excludes any reference to the United States Constitution or any other sources of federal law which might give rise to federal question jurisdiction. Upon the filing of the amended complaint, the court will remand this action to state court as there appears to be no other basis for the court's exercise of subject matter jurisdiction. However, if no amended complaint is filed, the court will presume that plaintiffs also rely, in part, on federal law in support of their claims.

With the recent entry of appearance of counsel for the corporate defendants, the amended complaint should be filed and signed by counsel for the corporate defendants and by Mr. Tal.

Accordingly, plaintiffs, Moshe Tal, Bricktown 2000, Inc., and Tal Technologies, Inc., are permitted to file a Second Amended Complaint, on or before

November 21, 2005. If no amended complaint is filed, the court will proceed with this case in the usual manner.

ENTERED this 14th day of November, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0991p005 (pub) .wpd