**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MOSHE TAL, BRICKTOWN 2000, INC., and TAL TECHNOLOGIES, INC., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. CIV-05-991-F<br>) |
| DAN RANDOLPH HOGAN, et al., | )<br>)<br>) |
| Defendants. | ) |

## O R D E R

Upon receipt of plaintiff Moshe Tal's motion to remand and defendants' objections thereto, the court carefully reviewed plaintiffs' First Amended Petition. Paragraph 251 of the First Amended Petition, as noted by defendants in their briefing, contained an allegation that defendant City of Oklahoma City's use of its general eminent domain power for the purpose of transferring land to defendant Oklahoma City Urban Renewal Authority for economic development purposes was not authorized by the United States Constitution. This paragraph, as noted by defendants, was then incorporated into the specific claims alleged against defendants.  Although paragraph 251 referenced a violation of the United States Constitution and was incorporated into plaintiff's specific claims, it was the court's conclusion, from its review of the First Amended Petition, that plaintiffs were likely to rely only on state statutory and constitutional law as the bases for their claims.  However, because of the ambiguity created by paragraph 251 and because the court desired to allow plaintiffs,

as master of their petition, to rely only on state law for their claims, the court entered an order on November 14, 2005, granting plaintiffs leave to file a Second Amended Complaint excluding any reference to the United States Constitution or any other sources of federal law which might give rise to federal question jurisdiction. The court advised that, upon the filing of the amended complaint, the court would remand this action to state court as there appeared to be no other basis for the court's exercise of subject matter jurisdiction. With no federal law claim being alleged, the court would not exercise supplemental jurisdiction over the remaining state law claims.

In accordance with the court's order, plaintiffs have filed a Second Amended Complaint. The amended complaint contains no allegations of a violation of the United States Constitution or any other sources of federal law which might give rise to federal question jurisdiction. Because the Second Amended Complaint eliminates all reference to a violation of federal law and the court declines to exercise supplemental jurisdiction over the remaining state law claims, the court, in its discretion and acting *sua sponte*, remands this action to state court.

With the filing of the Second Amended Complaint, which supersedes the First Amended Petition, the court concludes that defendants' motions to strike and/or dismiss, which challenge the First Amended Petition, are moot. The court also concludes that plaintiffs' motion for leave to accept late filing of exhibits is moot. Further, in light of the filing of the Second Amended Complaint eliminating any federal law claim against defendants and the court's decision to not exercise supplemental jurisdiction over the remaining state law claims and to *sua sponte* remand the action to state court, the court concludes that plaintiff Moshe Tal's motion to remand (on the basis that the court lacks subject matter jurisdiction over the First Amended Petition) and for costs and expenses is moot.

IT IS THEREFORE ORDERED THAT the above-entitled action is **REMANDED** to the District Court for Oklahoma County, State of Oklahoma.

IT IS ALSO ORDERED THAT Plaintiff's Motion to Remand Cause to State Court, for Costs/Expenses, filed September 6, 2005 (doc. no. 22), is **DENIED** as **MOOT**.

IT IS FURTHER ORDERED THAT Defendant City's Motion to Strike Plaintiffs' First Amended Petition, filed September 16, 2005 (doc. no. 23), Defendants' Motion to Strike, filed September 16, 2005 (doc. no. 25), the Motion for Dismissal of All Claims Against Defendant City of Oklahoma City Except Inverse Condemnation Claim, filed September 16, 2005 (doc. no. 26), the Joint Motion to Dismiss of the Defendants, Mac Daddy Enterprises, L.L.C. and MidFirst Bank, filed September 16, 2005 (doc. no. 27), Defendants' Motion to Dismiss, filed September 16, 2005 (doc. no. 28), the Motion to Dismiss of Defendants Oklahoma City Urban Renewal Authority and Tiana P. Douglas, filed September 16, 2005 (doc. no. 28), and Defendant, Mark D. Elgin's Motion to Strike Complaint, Motion to Dismiss, filed October 11, 2005 (doc. no. 39), are **DENIED** as **MOOT**.

IT IS FINALLY ORDERED THAT Plaintiffs' Application for an Order Excepting Plaintiffs' Common Exhibits to All Defendants' Motions to Dismiss Filed One Day Late Due to Misunderstanding , filed November 18, 2005 (doc. no. 55), is **DENIED** as **MOOT**.

ENTERED this 22nd day of November, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0991p008.wpd